
ROPES & GRAY LLP
2099 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20006-6807
WWW.ROPESGRAY.COM

Courtesy Copy

March 30, 2020

Peter M. Brody
T +1 202 508 4612
peter.brody@ropesgray.com

**BY ECF AND E-MAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re: *Solar Junction Corp. v. IQE plc*, No. 18 Civ. 2564 (KPF) [rel. 17 Civ. 9478 (KPF)]
**Response to SJC's Letter Requesting Leave to File Portions of an Exhibit Under Seal**

Dear Judge Failla:

As counsel to IQE plc ("IQE") in the above-referenced action, I write in brief response to the March 27, 2020, letter request filed by Plaintiff Solar Junction Corp. ("SJC") seeking leave to file a redacted copy of the Final Award of the London Court of International Arbitration (the "Final Award") (Case No. 18 Civ. 2564 (KPF), Dkt. 88).

The redacted copy of the Final Award that SJC seeks to file is identical to the redacted copy that this Court granted Defendants in both related cases leave to file pursuant to our letter requests filed on the same date (*see* Case No. 17 Civ. 9478 (KPF), Dkt. 90, 91, 92; Case No. 18 Civ. 2564 (KPF), Dkt. 85, 86, 87). As explained in those letter requests, IQE is bound under the Protective Order and Confidentiality Agreement in the arbitration to comply with any claim of confidentiality asserted by SJC with respect to the Final Award, and therefore does not oppose SJC's request. As we also stated, however, IQE is cognizant of this Court's rules that a confidentiality agreement is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents and believes that none of the information in the Final Award meets this Court's requirements for maintaining information under seal, consisting, as it does, of already public information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 444750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Should the Court wish a more detailed response regarding the numbered paragraphs in SJC's letter request, we are prepared to provide one.

Respectfully submitted,

*[signature]*

Peter M. Brody

cc:   All Counsel (by ECF)

The Court is in receipt of Defendant's motion to seal certain portions of the Final Award (Dkt. #85), Plaintiff's motion to seal those same portions of the Final Award (Dkt. #88), and Defendant's response letter (Dkt. #97). The Court has granted the motions to seal the requested portions of the Final Award (Dkt. #87), and does not believe further discussion of the subject is needed.

Dated:   March 31, 2020
         New York, New York

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE